**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEVEN CHRISTOPHER TORRES CRUZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION, LLC AND PUERTO RICO TELEPHONE COMPANY, INC. D/B/A CLARO PUERTO RICO,**<br><br>**Defendants.** | **CIVIL ACTION NO.** |

**COMPLAINT**
**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA") 15 U.S.C §§ 1681 *et seq as amended.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Steven Christopher Torres Cruz is an adult individual who resides in Puerto Rico.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Puerto Rico Telephone Company, Inc. d/b/a Claro Puerto Rico ("Claro") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1515 Roosevelt Ave., 10th Floor, Guaynabo, PR 00968.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least April 2026 through the present.

8. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, an account with PR Telephone CO/Claro that was charged off in or around October 2023, which in fact does not belong to Plaintiff.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of an account and/or tradeline for which Plaintiff has no responsibility and which is the result of fraud and identity theft.

10. Defendant Trans Union has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendant Trans Union has repeatedly published and disseminated consumer reports to third parties from at least April 2026 through the present.

11. Plaintiff has disputed the inaccurate information with Defendant Trans Union by following Defendant Trans Union's established procedures for disputing consumer credit information.

12. Plaintiff has disputed the inaccurate information with Defendant Trans Union from at least April 2026 through the present.

13. Notwithstanding Plaintiff's efforts, Defendant Trans Union has sent Plaintiff correspondence indicating its intent not to block the inaccurate information and to continue publishing the inaccurate information and Defendant Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

14. Defendant Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least April 2026 through the present.

15. Despite Plaintiff's efforts, Defendant Trans Union has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16. Notwithstanding Plaintiff's disputes, Defendant Claro, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Trans Union concerning Plaintiff's disputes, has failed to mark the account as disputed, and has willfully continued to report such inaccurate information to various credit reporting agencies.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate

information, and have continued to report the derogatory inaccurate information about the Plaintiff.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost loan and credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Trans Union)**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant Trans Union was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed

on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c, 1681e(b), and 1681i.

26. The conduct of Defendant Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Trans Union is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Claro)**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto Defendant Claro was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

29. At all times pertinent hereto Defendant Claro was a "furnisher" of credit information as defined by the FCRA.

30. Defendant Claro violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. §1681s-2(b).

31. Defendant Claro's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant Claro is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: *<u>/s/ Mark D. Mailman</u>*

MARK D. MAILMAN, ESQ.
SIOBHAN E. MCGREAL, ESQ.
1600 Market Street
Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Dated: August 31, 2026

***Attorneys for Plaintiff***